TORRES et al. v. AMERICAN R. CO. OF PUERTO RICO.

Civ. No. 2787.

District Court, Puerto Rico.

Sept. 5, 1946.

Luis E. Dubon, of San Juan, P. R., for plaintiffs.

Enrique Cordova Diaz, of San Juan, P. R., for defendant.

COOPER, District Judge.

This cause was heard by me on January 22, 1946, as to plaintiffs Ernesto Quinones and Trifon Aguayo. The said two plaintiffs did not approve or ratify the agreement of November 4, 1941, set out in the second special defense interposed by defendant in its answer to the complaint.

Findings of Fact

1. American Railroad Company of Puerto Rico is and was at all times material herein engaged in operating a steam railroad within the Island of Puerto Rico.

2. Plaintiff Ernesto Quinones during the entire claim period, October 24, 1938, to November 4, 1941, worked for defendant as the Filial Amor Station Agent. His work consisted, among other things, in selling tickets for passenger trains, receiving phone instructions from the dispatcher to be transmitted to the conductor of the trains, checking mail, making reports of sales of tickets and checking freight received in station and filing reports thereon. During the entire claim period freight and sugar cane trains passed by and stopped at the Filial Amor Station and defendant did work in connection with these trains. The cane trains were hauling sugar cane to the mills for grinding. After grinding substantially all of the sugar was shipped to Continental United States.

Plaintiff Quinones during the claim period earned the following salary:

| | |
|---|---|
| From October 24, 1938—January 12, 1939 | $8.08 weekly |
| From January 13, 1939—October 17, 1940 | 8.03 " |
| From October 17, 1940—May 24, 1941 | 8.05 " |
| From May 25, 1941—November 4, 1941 | 8.21 " |

Plaintiff Quinones worked on an average of (9) hours per day and (7) days a week, which is equal to (63) hours per week. He received as part of his compensation a house belonging to defendant for which he was charged a rental of $2.00 per week. Under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., Quinones should have received for the entire claim period the sum of $3,286.67. He received $1,313. 84, plus $314.00 rental for a house furnished him by defendant, leaving a balance due under the Act of $1658.83.

3. Plaintiff Trifon Aguayo worked during the entire claim period of October 24, 1938, to November 4, 1941, as a locomotive engineer for defendant. He operated passenger trains as well as freight trains for defendant. For a number of consecutive weeks during the claim period the plaintiff was engaged exclusively in operating passenger trains Nos. 1, 2, 3 and 4 of defendant corporation. These trains carried passengers to and from San Juan and Ponce and intermediate stations. These trains also carried United States mail to and from the same points. A substantial part of this mail was going to or coming from points outside of the Island of Puerto Rico. However, the mail was delivered and picked up by the United States Government or the independent contractors of the United States Government at defendant's depots. The sorting, classifying and bagging of the mail was done by the United States Government. Defendant's activities consisted in taking the mail at its depots and transporting it to the proper depots along the San Juan-Ponce route.

These trains also carried Porto Rican Express Company merchandise to and from the stations comprised in the San Juan and Ponce route. The procedure followed was similar to that followed in the transportation of the mail. Porto Rican Express Company delivered and picked up its merchandise at defendant's depots. A substantial part of the merchandise of the Porto Rican Express transported in this manner by defendant was either coming from, or going outside of, Puerto Rico. Defendant made no deliveries of Porto Rico Express Company merchandise, nor picked up any of said merchandise, at the docks or terminals of the carriers which transported same to or from the Island of Puerto Rico.

Said plaintiff Trifon Aguayo operated for consecutive weeks during the claim period different types of freight trains which carried merchandise, a substantial part of which was being imported into or exported out of Puerto Rico.

Plaintiff Trifon Aguayo worked on an average of 52 hours per week and had the benefit of 21 day vacation each year with full pay. He received during the claim period compensation at the rate of $16.52 and $16.72 per week. He should have received during the entire period the sum of $2864. He actually received the sum of $2616.36, leaving a balance due of $247.64.

The evidence fails to show the period of time during which the plaintiff Trifon Aguayo was working as locomotive engineer for passenger trains and the period during which he worked as locomotive engineer for freight trains.

### Conclusions of Law

1. Plaintiff Ernesto Quinones is entitled to the benefit of the Fair Labor Standards Act because during the entire claim period he was engaged in the transportation of goods in commerce.

2. Plaintiff Trifon Aguayo is entitled to the benefit of the Fair Labor Standards Act during the entire claim period. He was engaged in the transportation of goods in commerce including United States mails and merchandise of the Porto Rican Express Company. He is entitled to the benefit of the Fair Labor Standards Act whether he was working as engineer for passenger trains or freight trains.

### Judgment

In accordance with the above findings of fact and conclusions of law, judgment will be entered herein in favor of plaintiff Ernesto Quinones and against the defendant American Railroad Company in the sum of $1627.84 plus an equal amount as liquidated damages and $300 for attorneys fees. Judgment will be entered in favor of Trifon Aguayo in the amount of $247.64 plus an equal amount as liquidated damages and $50 as attorneys fees.